OPINION.
Defendant-appellant Antonio Williams appeals the sentence imposed by the trial court following his guilty plea to the fifth-degree-felonies of forgery and receiving stolen property. His single assignment of error challenges only the portions of the sentence relating to "bad time," see R.C. 2967.11, and "post-release-control," see R.C. 2967.28. We sustain Williams's assignment of error, but only as it relates to R.C. 2967.11.
Williams's assignment of error, to the extent that it contends that "post-release-control" under R.C. 2967.28 is unconstitutional, as it further penalizes him after he has served his stated prison term, is overruled. The supreme court has held that the post-release-control procedure in R.C. 2967.28 does not violate the separation-of-powers doctrine or the Due Process Clause of the United States or the Ohio Constitution. See Woods v. Telb (2000), 89 Ohio St.3d 504,733 N.E.2d 1103, paragraph one of the syllabus.
The transcript of the sentencing hearing demonstrates that the trial court imposed a six-month prison term and correctly informed Williams of the consequences of "bad time," as required by R.C. 2929.19(B)(3). The judgment of conviction entered in the court's journal, however, does not mention "bad time." The supreme court has declared that "bad time" under R.C. 2967.11 violates the constitutional doctrine of separation of powers. See State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus.
As Williams filed his appellate brief only four days after the supreme court released its opinion in Bray, any relief granted to him would be merely a hollow victory. The record does not suggest that he has committed a criminal offense in prison or that the parole board has threatened to add fifteen, thirty, sixty, or ninety days to his prison term under R.C. 2967.11.
While there is only a hypothetical possibility that the parole board may try to impose "bad time" in the future, Williams can appeal a sentence that includes "bad time" imposed under R.C. 2967.11, as of right, if it is contrary to law. See R.C. 2953.08(A)(4). Whether the judgment of conviction is silent as to "bad time" is immaterial, as "bad time" must be imposed, pursuant to R.C. 2967.11(B), "as part of a prisoner's sentence." Therefore, it becomes included in the sentence by operation of law. If the sentence is based on an unconstitutional statute, that part of the sentence relating to "bad time" is contrary to law.
For these reasons, we sustain that part of Wilson's assignment of error relating to R.C. 2967.11, under the authority of Bray, and, pursuant to R.C. 2953.08(G)(1)(d), we modify the trial court's sentence so that it may not be held subject to "bad time," pursuant to R.C. 2967.11. We affirm the trial court's sentence in all other respects.
The clerk is instructed to forward this opinion and our mandate to the Adult Parole Authority.
Sentence affirmed as modified.
 Painter and Winkler, JJ., concur.